OPINION
On September 6, 1998, appellant, Kimberly LoDico, was charged with driving under the influence in violation of R.C. 4511.19(A)(1) and speeding in violation of R.C. 4511.21. Appellant had refused to take the breath test. A trial was set for November 12, 1998. By order filed November 24, 1998, the trial court continued the plea hearing to December 23, 1998 due to appellant changing counsel. By order filed December 24, 1998, the trial court continued the plea hearing to December 30, 1998 at appellant's request. On December 30, 1998, appellant filed a motion to withdraw her plea agreement and filed a request for a jury trial. By order filed same date, the trial court granted the motion and set a jury trial for January 8, 1999. On said date, appellant requested a continuance due to the unavailability of witnesses. The trial court denied the continuance. Thereafter, appellant pled no contest. By judgment entry filed January 8, 1999, the trial court found appellant guilty and sentenced her to one hundred eighty days in jail, all but three days suspended, and ordered her to pay a $450 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION FOR CONTINUANCE FILED BY THE APPELLANT ON JANUARY 8, 1999 WHEN IT WAS CLEAR THAT THE APPELLANT'S DEFENSE RELIED UPON THE EXPERT WITNESS.
 I
Appellant claims the trial court erred in failing to grant her motion for continuance. We disagree. The granting of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellant filed her motion to continue the same day the matter was set for trial. Appellant requested a continuance because two defense witnesses, Dr. L. Bruce Hensley and Claudia Reisinger, were unavailable to testify. Attached to the motion was correspondence from Dr. Hensley indicating a subpoena was delivered on the afternoon of January 7, 1999 requesting appearance for the following day. Dr. Hensley stated he and Ms. Reisinger could not attend "because of a conflict of schedule and prior commitments" and "it would have taken me more than a week to prepare for this issue." The matter was originally set for trial for November 12, 1998. As set forth in the facts, the trial court continued the case three times at appellant's request. The final trial date was set for January 8, 1999. This date was set by order filed December 30, 1998. We note the record discloses the subpoenas to Dr. Hensley and Ms. Reisinger were not filed until the day before trial, January 7, 1999. Although this court can empathize with the difficulty trial counsel may have had subpoenaing and preparing the case over the New Year's holiday, we cannot say the trial court's denial of appellant's motion for continuance was an abuse of discretion. Appellant acquired new counsel on or before November 23, 1998. Appellant's urine test was known to counsel as it was taken on September 7, 1998, two hours and fifty-seven minutes after appellant's arrest. Because the trial court continued the case on December 30, 1998, there was ample time to notify Dr. Hensley and Ms. Reisinger of the trial set for January 8, 1999 which by their own admission would have given them a week to prepare for trial. Further, the powers of the trial court could have forced the witnesses to appear pursuant to duly served subpoenas. The sole assignment of error is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Reader, V.J. concur.